IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

WARREN LEROY DANIEL,   \*

    Plaintiff,   \*

v.   \*   2:10-CV-622-TMH
        (WO)
CPT. LARRY NIXON,   \*

    Defendant.   \*

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a complaint filed by Plaintiff on July 20, 2010. Plaintiff, an inmate incarcerated at the Autauga Metro Jail in Prattville, Alabama, seeks damages for a violation of his right to due process. Named as the defendant is Captain Larry Nixon. Upon review of Plaintiff's complaint, the court finds that this matter is due to be dismissed prior to service under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

Plaintiff alleges that on July 17, 2010, a jailer failed to provide him with lunch. Plaintiff has been unable to ascertain the name of the jailer whose conduct is at issue and, therefore, he names Defendant Nixon as the defendant in his capacity as the supervisor of the

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

unknown jailer.  (*Doc. No. 1 at pgs. 2-3.*)

## A. *Respondeat Superior*

Plaintiff seeks to hold Captain Nixon liable for the constitutional violation alleged in the complaint on the basis of *respondeat superior*. Plaintiff's attempt to impose liability on Captain Nixon as a result of the alleged wrongdoing by a subordinate defendant is due to be dismissed.  The doctrine of *respondeat superior* does not apply to actions under 42 U.S.C. §1983 absent proof of actual personal involvement in the alleged wrongdoing. *See Monell v. New York Dept. of Social Services*, 436 U. S. 658, 691 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation.").

## B. *Fourteenth Amendment*

Even if Plaintiff had named the proper defendant to this cause of action, his claim concerning a missed meal on July 17, 2010 entitles him to no relief.[2]  A prison official has

---

[2]The court understands Plaintiff to be a pre-trial detainee. Accordingly, the standard of review with respect to the conditions about which he complains is technically under the Fourteenth Amendment rather than the Eighth Amendment as pretrial detainees are protected from conduct that amounts to punishment under the Due Process Clause of the Fourteenth Amendment.  *See Lancaster v. Monroe County*, 116 F.3d 1419, 1425 n.6 (11th  Cir. 1997) (A government official's treatment of a pre-trial detainee is governed by the Due Process Clause of the Fourteenth Amendment . . . while the Cruel and

a duty under the Eight Amendment to "ensure that inmates receive adequate food, clothing, shelter and medical care." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). In order to demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834. The objective component requires an inmate to prove that he was denied the "minimal civilized measure of life's necessities." *Id*. The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 828, 834, 837.

With respect to claims involving a denial of food, courts look to the amount and duration of the deprivation in determining whether the deprivation is sufficiently serious. *See Talib v. Gilley,* 138 F.3d 211, 214 n.3 (5th Cir. 1998). In this case, Plaintiff alleges the deprivation of a single meal one time. The court concludes that this deprivation is not sufficiently serious to rise to the level of a constitutional violation, and it is, therefore, subject

---

Unusual Punishment Clause of the Eighth Amendment governs an official's treatment of a convicted prisoner.") (citations omitted).  With respect to the applicable standard of review regarding the claim presented herein, however, this is a distinction without difference.  For analytical purposes, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment. *Marsh v. Butler County, Ala.*, 225 F.3d 1243, 1256 (11th Cir. 1000); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985); *Edwards v. Gilbert,* 867 F.2d 1271, 1274 (11th Cir.1989).  Even if Plaintiff is serving time in the Autauga Metro Jail as a convicted prisoner, the court's standard of review with regard to his claim would be the same as if the court considers him to have been a detainee.

to dismissal as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). *See e.g. Dartling v. Farwell*, 139 Fed. Appx 847 (9th Cir. 2005) (inmate's allegation that he was deprived of a single meal did not constitute an injury serious enough to support an Eighth Amendment claim.); *Wilkins v. Roper*, 843 F. Supp. 1327 (E.D. Mo.1994) (plaintiff failed to state a claim under the Eighth Amendment based on the denial of a single meal); *Brown v. Madison Police Department*, 2003 WL 23095753, *3 (W.D. Wis. 2003) (dismissing claim by plaintiff alleging that he was denied two meals on a single occasion).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **August 11, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 28th day of July 2010.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE